UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM HOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. MCKELVEY, et. al.,<br><br>　　　　　Defendants. | No.  2:20-cv0208 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

2

1  (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).
2  In reviewing a complaint under this standard, the court must accept as true the allegations of the
3  complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.
4  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468
5  U.S. 183 (1984).

6  Plaintiff's Complaint

7  Plaintiff suffers from a serious mental disorder, bipolar mixed with psychotic features, and
8  is currently housed at California State Prison, Sacramento.  On January 6, 2020, during a mental
9  health treatment session, plaintiff was allegedly involved in a disagreement with the mental health
10 care provider.  As a result, defendant K. McKelvey punished plaintiff by restricting plaintiff from
11 all mental health care services, including mental health treatment groups, for one week.  Plaintiff
12 claims that in the absence of treatment he is a substantial danger to himself and others.  The next
13 day, plaintiff called defendants Konrad and McKelvey over to plaintiff's cell to talk.  Plaintiff
14 asked defendant Konrad why plaintiff was being denied access to mental health services.
15 Defendant McKelvey allegedly interrupted, "why are you asking him.  I'm the supervisor.  I
16 restricted you.  I heard you verbally threaten one of my staff members."  (ECF No. 1 at 10.)  After
17 plaintiff challenged McKelvey's authority to issue such a restriction, McKelvey replied that "he
18 was the boss and could do whatever he wanted to do."  (Id.)  When plaintiff asked defendant
19 Konrad for a 602 appeal form, defendant Konrad looked at McKelvey and stated, "We are not
20 going to get anywhere with him.  Fuck 'em."  (ECF No. 1 at 11.)  Plaintiff again requested a 602
21 appeal form from both defendants, and said if he does not get one by the end of the work day, he
22 would sue both defendants.  Defendant McKelvey replied, "good luck with that.  I'll kick you out
23 of the E.O.P. program completely."  (ECF No. 1 at 11.)  As a result of this confrontation, plaintiff
24 became frustrated and started experiencing suicidal ideations.  Plaintiff told both defendants that
25 he was in need of crisis intervention due to having thoughts of killing himself.  (ECF No. 1 at 12.)
26 Defendant McKelvey, also a licensed psychologist, stated "Didn't I tell you that you're on
27 restriction[,] Mr. Howell," and both defendants started laughing and walked away, denying
28 plaintiff mental health treatment.

3

Discussion

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants McKelvey and Konrad. See 28 U.S.C. § 1915A.

The court finds that the complaint does not state cognizable First Amendment claims. In his second claim, plaintiff alleges that he was denied his First Amendment right to file an administrative grievance. However, it is well-settled that there is no "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). "[T]here is no constitutionally protected right to file inmate grievances or appeals or for them to be accepted and processed." Howell v. Camargo, 2019 WL 3842847 (E.D. Cal. Aug. 15, 2019), citing Ramirez, 334 F.3d at 860, Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[F]ailure to process [prison] grievances, without more, is not actionable under section 1983." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

"[I]nterference with the grievance process may, in certain circumstances, implicate the First Amendment." See Norman v. Walker, No. CIV S-10-1344-KJM, 2011 WL 6153274, at *4 (E.D. Cal. Dec. 12, 2011) (emphasis added) (finding plaintiff failed to state a Section 1983 claim based on defendant's failure to "properly address" his prison grievances). For example, retaliation against prisoners for exercising their First Amendment right to file prison grievances is itself a constitutional violation and prohibited as a matter of "clearly established law." Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2009). See also, as cited by plaintiff, Bruce v. Ylst, 350 F.3d 1283, 1288 (9th Cir. 2003), where the prisoner alleged prison officials violated his First Amendment right to file prison grievances by validating him as a gang member in retaliation for filing prison grievances. Id.

However, the Ninth Circuit and district courts therein have consistently held that failure to process prison grievances, including refusal to accept grievances, fails to state a claim under the First or Fourteenth Amendment. See Nguyen Tien Minh v. Giurbino, 225 F. App'x 674, 675 (9th Cir. 2007) (affirming dismissal of action for failure to state a claim where plaintiff alleged defendant "refused to accept his grievances"); see also Jordan v. Asuncion, No. CV 17-1283 PSG

(SS), 2018 WL 2106464, at *3 (C.D. Cal. May 7, 2018) (holding "a prison official's failure to process a grievance, without more, is insufficient to establish liability under section 1983"). Here, as in Camargo, and similar to Minh, plaintiff merely alleges defendants failed to provide a grievance form in violation of his First Amendment rights. Therefore, plaintiff's second claim must be dismissed for failure to state a claim.

Plaintiff's third claim fails to state a cognizable retaliation claim. Plaintiff does not allege that defendant McKelvey acted in retaliation for plaintiff's protected conduct. Rather, plaintiff alleges that McKelvey's actions were in response to the disagreement plaintiff had with his therapist, and plaintiff was allegedly injured by the restriction from mental health care. Such actions potentially state an Eighth Amendment claim, as set forth above, but do not state a retaliation claim. In addition, plaintiff does not address each element of a retaliation claim in his third claim, and his allegations do not state a retaliation claim.[1] For example, plaintiff fails to allege the defendants' actions in failing to provide a 602 appeal form caused plaintiff to suffer some other harm, Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), that is "more than minimal." Rhodes v. Robinson, 408 F.3d at 567 n.11. While it does not appear that plaintiff can amend his complaint to state a retaliation claim based on plaintiff's allegations, in an abundance of caution, the court grants plaintiff an opportunity to do so.

Plaintiff may proceed forthwith to serve defendants McKelvey and Konrad and pursue his Eighth Amendment claims or he may delay serving any defendant and attempt to state a cognizable retaliation claim against such defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable retaliation claim against the defendants, he has thirty days in which to do so. He is not obligated to amend his complaint.

---

[1] "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

If plaintiff elects to proceed forthwith against defendants McKelvey and Konrad, against whom he has stated a potentially cognizable Eighth Amendment claim for relief, then within thirty days he must return the notice of election form appended hereto. In this event the court will construe plaintiff's election as consent to dismiss plaintiff's First Amendment claims without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556

1   U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the

////

law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his Eighth Amendment claims against defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's First Amendment claims are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment claims against defendants McKelvey and Konrad. See 28 U.S.C. § 1915A. Within thirty days of service of this order plaintiff may return the attached Notice of Election. If plaintiff elects to proceed solely on his Eighth Amendment claims, the court will issue an order for service of process on defendants McKelvey and Konrad. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective First Amendment claims against defendants McKelvey and Konrad without prejudice.

Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: July 23, 2020

/howe0208.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM HOWELL,<br><br>        Plaintiff,<br><br>   v.<br><br>K. MCKELVEY, et al.,<br><br>        Defendants. | No.  2:20-cv-0208 KJN P<br><br><br>NOTICE OF ELECTION |

     Plaintiff makes the following election pursuant to the court's order filed _____.

\_\_\_\_\_ Plaintiff consents to the dismissal of his First Amendment claims without prejudice.

     OR

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                                     _____
                                                       Plaintiff